### CARDONNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

STREET RAILROADS—BICYCLISTS—COLLISIONS—CONTRIBUTORY NEGLIGENCE.
    An expert bicyclist, familiar with the streets and the dangerous situation into which he was riding, was following a downtown car, and when it stopped he turned out and passed it, crossing to the opposite track, and was struck by an uptown car, which, when he turned out, was only 25 feet away. Held, that freedom from contributory negligence was not shown.

Appeal from trial term, New York county.

Action by Bella Cardonner, as administratrix of the estate of John C. Cardonner, deceased, against the Metropolitan Street-Railway Company. There was a judgment for defendant, and plaintiff appeals. Transferred from First to Second department. Affirmed.

For opinion on former appeal, see 49 N. Y. Supp. 527.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alfred C. Cowan, for appellant.

Charles F. Brown (Henry A. Robinson, on the brief), for respondent.

PER CURIAM. The appellant calls the attention of the court to a great variety of rules laid down by the courts in dealing with questions of negligence, citing a long line of authorities, which we are bound to respect; but the difficulty is that none of these rules were made to fit the facts as established on the trial of this action, and we are forced to agree with the learned trial court that the

plaintiff has failed to establish her right to recover. Plaintiff's intestate was an expert bicycle rider, a teacher in a bicycle academy, was familiar with the streets of New York, and particularly with that portion of the streets where the accident complained of occurred. This was at the corner of Fifty-Third street and Seventh avenue, where the cars from Fifty-Third street run in onto the Seventh avenue line. The evidence shows that he was riding behind a car going downtown; that the car stopped for the signal before entering upon the curve, and that plaintiff's intestate turned out, and passed the car, crossing the track in front of it, and entering upon the uptown track, where he was met and struck by a car going uptown. There was only a distance of 25 feet from the point where plaintiff's intestate dodged from behind the car which he was following into the track on which the car that struck him was advancing, and, as both were going in opposite directions towards the same point, the interval of time between his appearance and the contact must have been so short that it is impossible, with fairness, to impute negligence to the defendant. The plaintiff's intestate was familiar with the dangerous situation into which he was riding; to him the danger was known and obvious; and there is an entire lack of evidence tending to show that he was free from contributory negligence. Indeed, the evidence tends rather to affirmative proof of contributory negligence than to the opposite conclusion, and the learned trial court very properly dismissed the complaint.

The judgment should be affirmed, with costs.